UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02352

**Ramirez Diaz,**
*Petitioner,*
v.
**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Petitioner Jose Luis Ramirez Diaz ("Petitioner") filed a habeas petition, application for a preliminary injunction, and an application for a temporary restraining order ("TRO") requesting the Court enjoin Respondents from (1) transferring Petitioner outside the Court's jurisdiction "in a manner that would defeat habeas jurisdiction," (2) removing Petitioner from the United States before the Court has an opportunity to review the legality of his detention, and (3) taking any action designed to moot or frustrate this habeas proceeding. ECF No. 2 at p. 2. The Court holds Petitioner's application for a preliminary injunction in abeyance. Petitioner's application for a TRO is denied.

## BACKGROUND

Petitioner is a native and citizen of Mexico. Petitioner was detained by federal immigration authorities on or about March 3, 2026, and is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. Petitioner is seeking asylum. On August 26, 2026, Petitioner filed a petition for a writ of habeas corpus, an application for a preliminary injunction,

and an application for a TRO. The Court now considers Petitioner's application for a TRO.

## LEGAL STANDARD

The party seeking a TRO must show a substantial likelihood he will prevail on the merits, a substantial threat of irreparable harm if the injunction is not granted, that the threatened injury outweighs the threatened harm to the non-movant, and that the injunction will not disserve the public interest. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "[S]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).

## ANALYSIS

Petitioner's application for a TRO is denied because Petitioner has not shown imminent and irreparable harm. Petitioner's fears "that he will be removed or transferred . . . are wholly speculative and insufficient to support injunctive relief." *Toribio Vinces v. Mullin*, No. 3:26-cv-01392-L (BT), 2026 WL 1196633, at *2 (N.D. Tex. May 1, 2026) (denying a request for a TRO restraining a petitioner's removal from a district because the petitioner failed to offer proof transfer or removal was imminent or would occur before the court could rule).

Petitioner does not show how transfer to a different district would irreparably harm him. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140, at *1 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). This Court will retain jurisdiction over Petitioner's habeas petition even if he is transferred to another district. "[W]hen the Government

moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction" even if he is transferred to another district. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

Petitioner also does not show how his detention irreparably harms his asylum claim. To the contrary, Petitioner's request "demonstrates no threat of imminent harm beyond the ordinary hardships of detention." *Tedros v. Blanche*, No. 3:26-cv-02941, 2026 WL 2296488, at *1 (W.D. La. Aug. 10, 2026) (denying a petitioner's request for a TRO). Accordingly, Petitioner's application for a temporary restraining order is denied. *See, e.g.*, *Lotter v. Lyons*, No. SA-25-cv-00568-JKP, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025) (denying a petitioner's application for a TRO prohibiting the petitioner's transfer out of the court's district).

* * *

The application for a temporary restraining order is denied.

*So ordered by the Court on September 1, 2026.*

ANDREW DAVIS
United States District Judge